**Charis L. Kelley**
**4008 Loueta #312**
**Spring, TX 77388**
**chariskelley@rocketmail.com**

# US DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS-HOUSTON

| | |
|---|---|
| Charis L.Kelley, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: _____ |
| Trans Union LLC, Experian Information ) | |
| Solution LLC, Equifax Information Services ) | |
| LLC, Firstsource Advantage, LLC, Cavalry ) | |
| Investments LLC, Direct Financial ) | **FCRA COMPLAINT** |
| Solution, Cavalry Portfolio Services, ) | |
| Encore Receivable Management Inc, Collect ) | |
| America LTD, Professional Bureau of ) | |
| Collections Inc, Drive Financial Services ) | |
| LP, NCO Financial Systems Inc, Credco IMS ) | |
| aka First American Credco Inc, ASAP Auto ) | |
| Inc, Auto Loan/Car Loan LLC, CAI ) | |
| LP/Conn's, Bank of America NA, Capital One ) | |
| Bank NA, First Premier Bank, First ) | |
| National Credit Card Center Inc, Flatiron ) | |
| Financial Services, Spherion Newco Inc, ) | |
| Defendant ) | |

Upon information and belief, and in good faith, Plaintiff, Charis L. Kelley alleges as follows.

## **PRELIMINARY STATEMENT**

1

2    1.    Plaintiff brings this action for damages based upon

3          Defendants' violation of the Fair Credit Reporting Act

4          ("FCRA") 15 U.S.C. 1681 et seq. and the Federal Debt

5          Collections Practices ACT ("FDCPA) 604 sections  Plaintiff

6          seeks an award of statutory damages, actual damages, punitive

7          damages, and costs.

8

9                            **JURISDICTION**

10

11   2.    The jurisdiction of this court is conferred by 15 U.S.C.,

12         1681(p) and 28 U.S.C. 1331. Venue lies in Harris County in the

13         U.S. District Court, Southern District of Texas-Houston.

14

15                             **PARTIES**

16

17   3.    Plaintiff Larry Davis Jr. (hereafter "I" or "Plaintiff") is a

18         resident of Houston Texas. Plaintiff is a "Consumer" as

19         defined by FCRA 1681(a) of the FCRA.

20   4.    Upon information and belief, Defendant Trans Union LLC

21         (hereafter "Trans Union") is both a "person" as defined by

22         FCRA 1681(a) and a "consumer reporting agency" as defined by

23         FCRA 1681a(f). Trans Union is authorized to do business in the

24         State of Texas, with it principle place of business located at

25         555 West Adams, Chicago Illinois 60661.

26   5.    Upon information and belief, Defendant Experian Information

27         Solutions (hereafter "Experian") is both a "person" as defined

28         by FCRA 1681(a) and a consumer reporting agency as defined by

29         FCRA 1681a(f). Experian is authorized to do business in the

30         State of Texas, with its principle place of business located

31         at 475 Anton Blvd. Costa Mesa, CA 92626

32

6.   Upon information and belief, Defendant Equifax Information Services LLC (hereafter "Equifax") is both a "person" as defined by FCRA 1681(a) and a consumer reporting agency as defined by FCRA 1681a (f). Equifax is authorized to do business in the State of Texas, with its principle place of business located at 1550 Peachtree St. NW Atlanta, Georgia 30309.

7.   Upon information and belief, Defendant Firstsource Advantage LLC; is a "debt collector" as defined by FDCPA 1692a(6), a "person" as defined by FCRA 1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

8.   Upon information and belief, Defendant Cavalry Investments LLC; is a "debt collector" as defined by FDCPA 1692a(6), a "person" as defined by FCRA 1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

9.   Upon information and belief, Defendant Cavalry Portfolio Services LLC; is a "debt collector" as defined by FDCPA 1692a(6), a "person" as defined by FCRA 1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who

regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

10. Upon information and belief, Defendant Encore Receivable Management Inc; is a "debt collector" as defined by FDCPA 1692a(6), a "person" as defined by FCRA 1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

11. Upon information and belief, Defendant Collect America LTD; is a "debt collector" as defined by FDCPA 1692a(6), a "person" as defined by FCRA 1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

12. Upon information and belief, Defendant Professional Bureau of Collections; is a "debt collector" as defined by FDCPA 1692a(6), a "person" as defined by FCRA 1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

13.  Upon information and belief, Defendant Drive Financial
Services LP; is a "debt collector" as defined by FDCPA
1692a(6), a "person" as defined by FCRA 1681a(b), a "reseller"
as defined by FCRA 1681a(u) and is a "furnisher" of
information as contemplated by FCRA 1681s-2(a)&(b), who
regularly and in the ordinary course of business furnishes
information to one or more consumer reporting agencies about
consumer transactions or experiences with any consumer.

14.  Upon information and belief, Defendant NCO Financial Systems
Inc; is a "debt collector" as defined by FDCPA 1692a(6), a
"person" as defined by FCRA 1681a(b), a "reseller" as defined
by FCRA 1681a(u) and is a "furnisher" of information as
contemplated by FCRA 1681s-2(a)&(b), who regularly and in the
ordinary course of business furnishes information to one or
more consumer reporting agencies about consumer transactions
or experiences with any consumer.

15.  Upon information and belief, Defendant Credco IMS aka First
American Credco; is a "debt collector" as defined by FDCPA
1692a(6), a "person" as defined by FCRA 1681a(b), a "reseller"
as defined by FCRA 1681a(u) and is a "furnisher" of
information as contemplated by FCRA 1681s-2(a)&(b), who
regularly and in the ordinary course of business furnishes
information to one or more consumer reporting agencies about
consumer transactions or experiences with any consumer.

16.  Upon information and belief, Defendant ASAP Auto Inc, is a
"furnisher" of information as contemplated by FCRA 1681s –
2(a)&(b), who regularly and in the ordinary course of business

furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. Upon information and belief, Defendant Auto Loan/Car Loan Inc, is a "furnisher" of information as contemplated by FCRA 1681s - 2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

18. Upon information and belief, Defendant CAL LP/Conn's, is a "furnisher" of information as contemplated by FCRA 1681s - 2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

19. Upon information and belief, Defendant Bank of America NA, is a "furnisher" of information as contemplated by FCRA 1681s - 2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

20. Upon information and belief, Defendant Capital One Bank, is a "furnisher" of information as contemplated by FCRA 1681s - 2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

21. Upon information and belief, Defendant First Premier Bank, is a "furnisher" of information as contemplated by FCRA 1681s - 2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting

agencies about consumer transactions or experiences with any consumer.

22. Upon information and belief, Defendant First National Credit Card Center Inc, is a "furnisher" of information as contemplated by FCRA 1681s − 2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

23. Upon information and belief, Defendant Flatiron Financial Services, is a "furnisher" of information as contemplated by FCRA 1681s − 2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

24. Upon information and belief, Defendant Spherion Newco Inc, is a "furnisher" of information as contemplated by FCRA 1681s − 2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

25. Upon information and belief, Defendant Direct Financial Solution, is a "furnisher" of information as contemplated by FCRA 1681s − 2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## **FACTUAL ALLEGATIONS**

Plaintiff has requested and received copies of his credit report and each Defendant listed in Plaintiff's Complaint is reporting erroneous, adverse, inaccurate, incorrect, fraudulent,

and incomplete data regarding Plaintiff's Name, Residents, Employments, Credit Worthiness, Financial Transactions and Business Relationships to potential creditors which has in part caused Plaintiff to be denied credit.

## CAUSES OF ACTION

1.  Plaintiff repeats, alleges, asserts/reasserts and incorporates by reference the foregoing paragraphs.

2.  Trans Union; continues to add, store, maintain and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.

3.  Trans Union; continues to withhold, and/or intentionally, maliciously, and negligently not report positive credit information that it previously reported resulting in defamation and causing financial injury.

4.  Trans Union; willfully, and negligently reinserted removed items on Plaintiff's consumer credit report without notifying Plaintiff in writing within 5 business days in violation of FCRA (A)(5)(B)(ii).

5.  Trans Union; continues to willfully, maliciously, and negligently violate FCRA 1681e (b), on multiple occasions.

6.  AS a result of Trans Union's actions, Plaintiff has been damaged.

7.  Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

8.   Trans Union; failed to conduct a reasonable investigation of
     Plaintiff's disputes and otherwise failed to comport with FCRA
     1681i.

9.   Trans Union; failed to adopt and follow reasonable procedures to
     assure maximum possible accuracy of Plaintiff's consumer credit
     and other personal information as required by FCRA which it
     complied, used and manipulated in order to prepare consumer
     credit reports, credit scores, risk factors, denial codes and
     other economic and predictions data evaluations.

10.  As a result of Trans Union's negligent failure to comply with the
     FCRA, it is liable to Plaintiff in the amount equal to sum of (1)
     any actual damages sustained by Plaintiff as a result of said
     failure and (2) the costs of this action together with reasonable
     attorney's fees.

11.  Pursuant to 15 U.S.C. 1681n, any person who willfully fails to
     comply with any requirement imposed under the FCRA with respect
     to any consumer is liable to that consumer in and amount equal to
     the sum(1) any actual damages sustained by the consumer as a
     result of the failure or damages of not less than $100.00 and not
     more than $1,000.00 (2) such amount of punitive damages as the
     court may allow, and (3) in the case of any successful action to
     enforce any liability under 15 U.S.C. 1681n, the costs of the
     action together with reasonable attorney's fees.

12.  Experian, continues to add, store, maintain and disseminate
     personal credit information, in consumer reports it prepares and
     issues about Plaintiff which in part, is inaccurate, false,
     erroneous, misleading and adverse despite notice from Plaintiff
     and subscribers that such information is inaccurate.

13.  Pursuant to FCRA 1681o, any person who is negligent in failing to
     comply with any requirement imposed under the FCRA with respect
     to any consumer is liable to that consumer in an amount equal to
     the sum of (1) any actual damages sustained by the consumer as a

result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

14. Experian; failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

15. Experian; failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

16. As a result of Experian's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

17. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in and amount equal to the sum(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

18. Equifax; continues to add, store, maintain and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part, is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.

19. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

20. Equifax; failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

21. Equifax; failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

22. As a result of Equifax's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

23. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in and amount equal to the sum(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

24. Firstsource Advantage LLC; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

25. Firstsource Advantange LLC; willfully and negligently failed to validate Plaintiffs' allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

26. Firstsource Advantage LLC; willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

27. Cavalry Investments LLC; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

28. Cavalry Investments LLC; willfully and negligently failed to validate Plaintiffs' allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

29. Cavalry Investments LLC; willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

30. Cavalry Portfolio Services LLC; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

31. Cavalry Portfolio Services LLC; willfully and negligently failed to validate Plaintiffs' allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

32. Cavalry Portfolio Services LLC; willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

33. Encore Receivable Management Inc; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

34. Encore Receivable Management Inc; willfully and negligently failed to validate Plaintiffs' allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

35. Encore Receivable Management Inc; willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

36. Collect America LTD; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

37. Collect America LTD; willfully and negligently failed to validate Plaintiffs' allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

38. Collect America LTD; willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

39. Professional Bureau of Collections Inc; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

40. Professional Bureau of Collections Inc; willfully and negligently failed to validate Plaintiffs' allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

41. Professional Bureau of Collections Inc; willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

42. Drive Financial Services LP; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

43. Drive Financial Services LP; willfully and negligently failed to validate Plaintiffs' allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

44. Drive Financial Services LP; willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

45. NCO Financial Systems Inc; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

46. NCO Financial Systems Inc; willfully and negligently failed to validate Plaintiffs' allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

47. NCO Financial Systems Inc; willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

48. Credco IMS aka First American Credco; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

49. ASAP Auto Inc; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

50. Auto Loan/Car Loan Inc; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

51. CAL LP/Conn's; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

52. <u>Bank of America NA</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

53. <u>Capital One Bank</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

54. <u>First Premier Bank</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

55. <u>First National Credit Card Center Inc</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

56. <u>Flatiron Financial Servics</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

57. <u>Spherion Newco Inc</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

58. <u>Direct Financial Solution</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that judgment be entered against Defendants for:

a.)  Actual damages in an amount to be shown at trial;

1   b.)  Statutory damages pursuant to FCRA 1681n;

2   c.)  Punitive damages pursuant to FCRA 1681n;

3   d.)  Temporary and permanent injunctive relief restraining

4        Defendants from further reporting of inaccurate and

5        erroneous adverse information regarding Plaintiff's

6        consumer credit information;

7   e.)  Costs and reasonable attorney's fees; and

8   f.)  Such other relief as may be just and proper.

May 4 2009

Charis Kelly
Charis Kelly
Plaintiff